Submitted on record and briefs April 6, sentences vacated and remanded with instructions to recalculate restitution; otherwise affirmed May 16, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TROY MIKE PLEASANT,
*Defendant-Appellant.*

Multnomah County Circuit Court
040331593; A128196

159 P3d 337

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Irene B. Taylor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty or no contest to multiple crimes and, at sentencing, was ordered to pay a total of $5,730.88 in restitution, over his objection that restitution should not be imposed for damages occurring outside the dates asserted in the indictment for the crimes at issue. On appeal, defendant reiterates that argument. The state concedes that the trial court erred in imposing restitution for pecuniary damages arising out of criminal activity for which defendant was not convicted, or that he did not admit to having committed. *See State v. Seggerman*, 167 Or App 140, 3 P3d 168 (2000). We find the state's concession to be well-founded, and accept it.

The trial court ordered restitution as to count two, burglary in the second degree, and count three, theft in the first degree. The indictment alleged that the burglary was committed on or between February 13, 2004 and February 14, 2004, and that the theft was committed on or between December 7, 2003 and December 29, 2003. Defendant pleaded guilty to both charges as alleged in the indictment. It is undisputed that, at sentencing, the court imposed restitution based on losses that occurred outside of the date ranges alleged in the indictment. Although the parties on appeal agree that the amount of restitution awarded was incorrect for that reason, they dispute what the proper amount of restitution should be. We decline the parties' implicit invitation for this court to determine the correct amount of restitution. Our role is simply to instruct the trial court on remand to recalculate the restitution to include only damages arising out of criminal activity for which defendant pleaded guilty or admitted.

Sentences vacated and remanded with instructions to recalculate restitution; otherwise affirmed.